IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALPHONSON VERNELL FRAZIER II, | **8:20CV520** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| STATE OF NEBRASKA, THE CITY OF OMAHA MUNICIPAL POLICE DEPARTMENT, and THE CITY OF OMAHA FIRE DEPARTMENT, | |
| Defendants. | |

Plaintiff filed his pro se Complaint (Filing 1) on December 22, 2020, and has been granted leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff claims he was subjected to illegal searches and seizures and was unlawfully arrested and detained on several criminal charges.[1]

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim

---

[1] This action is a partial revival of Case No. 8:18CV539, which Plaintiff filed on November 15, 2018, and which was dismissed without prejudice on April 23, 2019, for lack of prosecution. Other parts of that dismissed case have also been revived in another action filed on December 22, 2020, Case No. 8:20CV519.

upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983 to recover damages for alleged violations of Plaintiff's rights under the Fourth Amendment to the United States Constitution.[2] To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[2] Plaintiff also cites 18 U.S.C. § 242, but this is a criminal statute which does not provide a private right of action. Other criminal statutes are also referenced throughout the Complaint, but they likewise do not permit a private lawsuit. In addition, Plaintiff cites 42 U.S.C. §§ 1985 and 1986, but his allegation fail to show the existence of the necessary class-based "invidiously discriminatory animus." *See Larson ex rel. Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996) (en banc).

The State of Nebraska is not a "person" under § 1983 and is immune from suit for damages in federal court under the Eleventh Amendment. *Adams v. Nebraska*, No. 4:19CV3083, 2020 WL 1914923, at *2 (D. Neb. Apr. 20, 2020). The other two named defendants, the City of Omaha Municipal Police Department and the City of Omaha Municipal Fire Department, are not legal entitles with the capacity to be sued; they are simply departments of the City of Omaha. *See id.* But even if Plaintiff's Complaint might be treated as having been brought against the City, rather than against its police and fire departments, no plausible claim for relief is stated.

To prevail on a claim alleged against the City of Omaha, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.' " *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Plaintiff's Complaint does not contain any facts from which it might reasonably be inferred that the City of Omaha is liable for his alleged injuries. "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (quoting *Doe ex rel. Doe v. Sch. Dist. of City of*

*Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

In particular, Plaintiff's conclusory allegation that there was a failure to train police officers and firefighters (see Filing 1 at 3) is not sufficient. "*Monell*'s rule that a city is not liable under § 1983 unless a municipal policy causes a constitutional deprivation will not be satisfied by merely alleging that the existing training program for a class of employees, such as police officers, represents a policy for which the city is responsible." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id.*; *see Marsh*, 902 F.3d at 752 n. 5.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). However, the court on its own motion will give Plaintiff 30 days to file an amended complaint that states a plausible claim for relief. Otherwise, this action will be dismissed.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.  The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

4.  The Clerk of the Court is directed to send Plaintiff a Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner),[3] which Plaintiff is encouraged to use in preparing an amended complaint, and to follow the instructions contained therein.

5.  The Clerk of the Court is further directed to set a pro se case management deadline using the following text: March 11, 2021—amended complaint due.

6.  Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 9th day of February, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[3] This form is also available online at https://www.ned.uscourts.gov/forms.

5